UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **STACY DESHOTEL, ET AL.** | **CIVIL ACTION NO. 6:17-1508** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **UNIFIRST CORPORATION, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

# RULING

Pending before the Court is Defendant ESIS, Inc.'s ("ESIS") Motion for Summary Judgment [Doc. No. 25]. ESIS moves the Court for summary judgment, contending that it is not the insurer of Defendant Unifirst Corporation ("Unifirst") and does not have any liability to Plaitiffs Stacey Deshotel and Lisa Deshotel ("the Deshotels"). The Deshotels have failed to oppose the motion.

For the following reasons, ESIS's Motion for Summary Judgment is GRANTED, and the Deshotels' claims against it are DISMISSED WITH PREJUDICE.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises out of a slip and fall incident. On or about September 19, 2016, Defendant Unifirst delivered a mat to Cajun Express Service Center ("Cajun"), a business co-owned by Plaintiff Stacey Deshotel. Mr. Deshotel alleges that on or about September 20, 2016, he was working on the front sales floor at Cajun and needed to go out the front entrance. On his way out, his foot caught in the mat, and he fell. Mr. Deshotel hit his head on the door, breaking the glass and injuring his left arm.

On September 19, 2017, the Deshotels filed suit against Unifirst and ESIS. ESIS was

listed as the insurer of Unifirst. The Deshotels further allege that ESIS is liable to them "jointly, severally, and *in solido* for all damages herein," but fails to allege any facts other than ESIS's alleged status as Unifirst's insurer.

On October 19, 2018, ESIS filed the instant Motion for Summary Judgment. Under the Court's Notice of Motion Setting [Doc. No 31], the Deshotels' opposition was due no later than November 13, 2018. None has been filed, and the Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

B.      **Status as Insurer and Basis for Liaibility**

ESIS moves the Court for summary judgment because it is not the insurer of Cajun, and the Deshotels have failed to assert any other basis for liability.

ESIS presented undisputed evidence that it is a third-party administrator for Unifirst, does not provide insurance to Unifirst, and has never issued a general liability policy of insurance to Unifirst. Therefore, the Court finds that ESIS is not Cajun's insurer and cannot be liable to the Deshotels on this basis.

Further, a third-party administrator is not liable for an insurer's failure to pay claims. *See* LA. REV. STAT. 22:1646 ("If an insurer utilizes the services of an administrator, the insurer shall be responsible for determining the . . . claims payment procedures applicable to such coverage . . . It shall be the sole responsibility of the insurer to provide for competent administration of its programs."); *see also Baugh v. Parish Gov't Risk Mgmt. Agency*, 715 So.2d 645, 647 (La. App. 2d Cir. 1998) ("The clear implication of the statute is that the third party administrator cannot be responsible to the insured for the failure to pay health benefits in administering the plan, since this is the sole responsibility of the insurer. The insurer's non-performance of its contract, even when such non-performance results from the delegated decision-making authority of a third party administrator, remains the insurer's responsibility and obligation.")

As the Deshotels have failed to challenge ESIS's evidence and failed to present any basis for their claims against ESIS, ESIS is entitled to judgment as a matter of law.

## III. CONCLUSION

For the foregoing reasons, ESIS's Motion for Summary Judgment [Doc. No. 25] is

GRANTED, and the claims against ESIS are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 16th day of November, 2018.

                                              TERRY A. DOUGHTY
                                     UNITED STATES DISTRICT JUDGE