UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| STACY DESHOTEL, ET AL. | CIVIL ACTION NO. 6:17-1508 |
|---|---|
| VERSUS | JUDGE TERRY DOUGHTY |
| UNIFIRST CORPORATION, ET AL. | MAG. JUDGE PATRICK J. HANNA |

**RULING**

Pending before the Court is Defendant Unifirst Corporation's ("Unifirst") Motion for Partial Summary Judgment [Doc. No. 26]. Unifirst moves the Court for summary judgment on causation with regard to Plaintiff Stacey Deshotel's injury to his left wrist. Plaintiffs did not file a memorandum in opposition to the motion.

For the following reasons, Unifirst's motion is DENIED.

**I.    FACTS AND PROCEDURAL BACKGROUND**

This case arises out of a slip and fall incident. On or about September 19, 2016, Defendant Unifirst delivered a mat to Cajun Express Service Center ("Cajun"), a business co-owned by Plaintiff Stacey Deshotel. Mr. Deshotel alleges that on or about September 20, 2016, he was working on the front sales floor at Cajun and needed to go out the front entrance. On his way out, his foot caught in the mat, and he fell. Mr. Deshotel hit his head on the door, breaking the glass. He also contends and testified in his deposition that he injured his left wrist, although he does not recall whether he hit it on the door or on the floor, perhaps trying to break his fall.

In the month prior to his injury, Mr. Deshotel was seen by his family doctor, Dr. Jake LaFleur and diagnosed with a sprain of that wrist.

Two days after his fall, on September 22, 2018, Mr. Deshotel was seen by Dr. John Tassin, another local doctor. Although Dr. Tassin's deposition (if taken) was not attached to Unifirst's Motion for Partial Summary Judgment, his medical records indicate that Mr. Deshotel reported the fall at work, and he sought treatment, among other problems, for pain in his left wrist. Dr. Tassin noted swelling in that wrist and tenderness with decreased range of motion.

Mr. Deshotel ultimately had surgery on his left wrist on January 24, 2017. Dr. Mark Dodson, the surgeon, performed a left extensor carpilunaris tendon release. Dr. Dodson testified that the injury to the wrist could have occurred prior to the fall given his history of a sprain in that wrist. However, he also testified that he could not say that the fall caused or at least contributed to the condition of Mr. Deshotel's wrist. [Doc. No. 26-12, Deposition of Dr. Mark Dodson, p. 20].

On September 19, 2017, the Deshotels filed suit against Unifirst and ESIS, Inc. ("ESIS")

On October 19, 2018, ESIS filed a Motion for Summary Judgment.

On the same day, Unifirst and ESIS filed the instant Motion for Partial Summary Judgment.

On November 16, 2018, the Court issued a Ruling [Doc. No. 34] and Judgment [Doc. No. 35] dismissing all claims against ESIS. The claims remain pending against Unifirst.[1]

The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine

---

[1] As all claims against ESIS have been dismissed with prejudice, the Court will consider this motion as having been filed by Unifirst alone.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Causation

Unifirst moves the Court for partial summary judgment that Mr. Deshotel's alleged "trip and fall" did not cause or contribute "to the need for surgery of [his] left upper extremity in January of 2017." [Doc. No. 26, ¶ 1].

In a negligence action, the plaintiff bears the burden of proving five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33.

Unifirst's motion addresses only causation, and "[c]ausation is an issue of fact that is generally decided at the trial on the merits." *Estate of Adams v. Home Health Care of Louisiana*, 775 So.2d 1064, 1065 (La. 2000); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-3830, 2009 WL 1393711, at *3 (E.D. La. May 18, 2009) (quoting same).

The Court has carefully reviewed the depositions of Mr. Deshotel and those provided of certain physicians, as well as the medical records. After review, the Court finds that there are genuine issues of material fact for trial as to whether Mr. Deshotel's fall caused or contributed to Dr. Dodson's surgery on his left wrist. Accordingly, Unifirst is not entitled to summary judgment on causation.

## III. CONCLUSION

For the foregoing reasons, Unifirst's Motion for Partial Summary Judgment [Doc. No. 26] is DENIED.

MONROE, LOUISIANA, this 19th day of November, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE