**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **STACY DESHOTEL, ET AL.** | **CIVIL ACTION NO. 6:17-1508** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **UNIFIRST CORPORATION, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

**RULING**

Pending before the Court is Defendant Unifirst Corporation's ("Unifirst") Motion in Limine [Doc. No. 39]. Unifirst moves the Court to exclude "any evidence offered by the plaintiff, and/or counsel for the plaintiff, regarding the need for plaintiff['s] surgery and/or the cause for the need of said surgery as this evidence will only mislead the jury, confuse the fact finder of the present issues, and is prejudicial against Mover." *Id.* at pp. 5-6. Plaintiffs did not file a memorandum in opposition to the motion.

Relevant evidence is generally admissible. *See* FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, [or] misleading the jury . . . ." FED. R. EVID. 403.

In this case, Unifirst essentially rehashes its summary judgment arguments that Plaintiff Stacy Deshotel's ("Deshotel") trip and fall did not cause or contribute to his need for surgery on his left wrist. In its previous ruling, the Court found that ""[c]ausation is an issue of fact that is

generally decided at the trial on the merits.'" [Doc. No. 36, p. 4 (quoting *Estate of Adams v. Home Health Care of Louisiana*, 775 So.2d 1064, 1065 (La. 2000) and citing (*Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-3830, 2009 WL 1393711, at *3 (E.D. La. May 18, 2009)). After reviewing Deshotel's deposition, the physician depositions, and Deshotel's medical records, the Court found "genuine issues of material fact for trial as to whether . . . fall caused or contributed to Dr. Dodson's surgery on his left wrist." [Doc. No. 36, p. 4].

The Court, thus, finds that the same evidence is relevant to Deshotel's claims, and its probative value is not outweighed by the danger of unfair prejudice to Unifirst, confusion of the issues, or misleading the jury. Unifirst's counsel will have the opportunity to challenge this evidence by presenting its own evidence and through cross examination. Accordingly, Unifirst's Motion in Limine is DENIED.

MONROE, LOUISIANA, this 15th day of February, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE